UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY T. STOUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04-CV-1281CAS |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions to dismiss for failure to state a claim and for lack of jurisdiction. Plaintiff opposes the motion and the motion is fully briefed. The Court will deny defendant Miller's motion and grant defendant Brown's motion for the reasons set forth below.

**I.    BACKGROUND**

Plaintiff Terry T. Stout, a parolee, pleaded guilty to Class A Misdemeanor harassment and Class A misdemeanor Stalking. He received a suspended execution of sentence and two years probation. Special conditions included 100 hours of community service, a psychological evaluation and recommended treatment, successful completion of an AVA, RAVEN, or an abuse prevention program, a $10.00 payment to a crime victims compensation fund, and prohibition from contact with the victim.

Plaintiff filed this 42 U.S.C. § 1983 action, naming as defendants, among others,[1] Tammy Miller, the probation officer assigned to plaintiff for his offense; and William B. Brown, a psychologist. In his six-count Amended Complaint, Plaintiff asserts Miller "made illegal, improper, perverted use of her ministerial duties, as probation officer on numerous occasions and overstepped her realm of authority" regarding her supervision of plaintiff; that Miller demanded that plaintiff submit to repeated lie detector tests, at plaintiff's costs, all of which were administered to obtain information already repeatedly obtained and to cause undue and unwarranted hardship, even though she was not ordered by or authorized to do so by the Court. Plaintiff further alleges that he told Miller that during the therapy sessions he was "taunted, ridiculed, chastised, accosted, antagonized and threatened." He further asserts that Miller's objective was to have his probation terminated and his sentence executed regardless of what efforts she had to attain to accomplish that objective; that Miller ordered him to attend Brown's group sessions for sex offenders even though she knew he was not a sex offender; and that even though she was not qualified to do so, Miller assigned him as "high risk" to reoffend and as a danger to the community, knowing that he had never been found guilty of or pleaded guilty to sex crimes. Plaintiff alleges Miller's conduct violated his rights under the Fourth, Fifth and Fourteenth Amendments. Plaintiff asserts claims for abuse of process and for intentional infliction of emotional distress against Miller.

Plaintiff asserts defendant Brown told him that based on his offenses, he did not belong in the sessions, and that during the sessions Brown told plaintiff to "shut up" and that he was boring.

---

[1] The Missouri Department of Corrections, Board of Probation and Parole, as well as the State of Missouri, were previously dismissed from this action.

Plaintiff asserts claims for abuse of process and for intentional infliction of emotional distress against Brown.

Brown and Miller now move to dismiss for failure to state a claim and for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and (b)(1), arguing they are immune from suit pursuant to the Eleventh Amendment and that Miller is entitled to qualified immunity. They finally argue plaintiff cannot pursue his state claims for intentional infliction of emotional distress against them in federal court. Plaintiff opposes the motion.

## II. DISCUSSION

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 124 S. Ct. 178 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoting Springdale, 133 F.3d at 651). "In considering a motion

3

to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

**Defendant Brown**

As stated earlier, plaintiff asserts Brown indicated that based on his offenses, he did not belong in the sessions, and that during the sessions Brown told plaintiff to "shut up" and that he was boring. The Court finds that plaintiff has failed to allege any facts which comprise a constitutional violation in his complaint, as opposed to vague and "conclusory allegations of law and unwarranted inferences." Silver v. H & R Block, 105 F.3d 394 (8th Cir. Jan. 23, 1997). The facts which are alleged simply do not appear to rise to the level of constitutional violations. The Court will therefore dismiss plaintiff's claims against Brown, including any supplemental state claims, for failure to state a claim.

**Defendant Miller**

Miller first moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, based on plaintiff's failure to specify in the complaint that his action is brought against Miller in her individual capacity. The Eighth Circuit has stated that a party wishing to sue an individual in both his individual and official capacity should so specify in the pleadings. See Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability. Andrus v. State of Arkansas, 197 F.3d 953 (8th Cir. 1999) (citing Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989)). In addition, Rule 9(a) requires a plaintiff to plead capacity to the extent necessary to show jurisdiction, and the

Eleventh Amendment places a jurisdictional limit on actions against officers in their official capacities. Id.

Because the complaint in this case refers to Miller in her position as a probation officer, a presumption is created that Miller is being sued in her official capacity only. Nichols v. Nix, 810 F. Supp. 1448, 1468 n. 37 (S.D. Iowa 1993), aff'd without opinion, 16 F.3d 1228 (8th Cir. 1994) (citing Kolar v. Sangamon County of State of Illinois, 756 F.2d 564, 568 (7th Cir. 1985)); see also DeYoung v. Patten, 898 F.2d 628, 635 (8th Cir. 1990) (construing complaint's silence as to capacity in which defendant is sued as stating only an official-capacity claim). Miller also argues plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), because plaintiff has not alleged that Miller's conduct has deprived him of rights secured by the Constitution or laws of the United States.

Plaintiff counters that he intended to bring suit against Miller in both her individual and official capacities. He argues that Miller did not officially have the duties to increase plaintiff's offenses to sexual offenses, and therefore does not enjoy qualified immunity. Plaintiff specifies that Miller's requirement of polygraph tests were a violation of the Fourth Amendment; that Miller violated his Fifth Amendment right to be first found guilty of a sexual offense before being punished for them; and Miller's repeated demands for him to submit to a lie detector test were part of Miller's treatment as though he were a sex offender that amounted to a violation of his Fourth Amendment rights.

"Federal Rule of Civil Procedure 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.' Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). There is no absolute right to amend. However,

a motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.' Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous. Whether to grant a motion for leave to amend is within the sound discretion of the court." Becker v. University of Neb., at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (citations omitted.)

In light of the fact that this case is in its early stages, the Court will permit plaintiff to file a second amended complaint as to defendant Miller. Accordingly, the Court will deny Miller's motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, the Court will grant defendant Brown's motion to dismiss and deny defendant Miller's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Brown's motion to dismiss is **GRANTED.** (Doc. 39.)

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Brown are dismissed.

**IT IS FURTHER ORDERED** that defendant Miller's motion to dismiss is **DENIED**. (Doc. 29)

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint within ten days of this order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th day of July, 2005.